UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO.:

JESUS GONZALEZ

       Plaintiff,

v.

BOTANICO LLC.,
d/b/a Botánico Gin & Cookhouse

       Defendants.
_____/

**COMPLAINT FOR INJUNCTIVE RELIEF**

Plaintiff, Jesus Gonzalez, by and through the undersigned counsel, hereby sues Defendant, Botanico, LLC., d/b/a Botánico Gin & Cookhouse, for injunctive relief pursuant to 42 U.S.C. §§12181-12189 of the Americans with Disabilities Act ("ADA") and 28 C.F.R. Part 36 and alleges:

1. This is an action for declaratory and injunctive relief pursuant to Title III of the Americans with Disabilities Act ("ADA") 42 U.S.C. §§12181-12189. This Court is vested with original jurisdiction under 28 U.S.C. §1331.

2. Venue is proper in the Court, pursuant to 28 U.S.C. §1391(b) in that all events giving rise to this lawsuit occurred within the Southern District of Florida and the subject premises is located within the jurisdiction of this Court.

3. Plaintiff, Jesus Gonzalez ("Plaintiff") is a resident of the state of Florida. Plaintiff has a "qualified disability" under the ADA as he is disabled with neuropathy and nerve damage due to radiation and utilizes a wheelchair for mobility. Plaintiff is substantially

limited in the major life activity of walking. Plaintiff's disability is defined in 42 U.S.C. §12102(1)(A)(2), 28 C.F.R. §36.105(b)(2), and 28 C.F.R. §36.105(2)(iii)(D).

4. Plaintiff is also an advocate of the rights of similarly situated disabled persons, and a "tester" for the purpose of asserting his civil right, and to determine whether public accommodations are in compliance with the ADA/ADAAG.

5. Defendant, Botanico, LLC., is a Florida Limited Liability Company authorized to conduct, and conducting, business within the State of Florida and within the jurisdiction of this court.

6. Defendant, Botanico, LLC., is a Florida Limited Liability Company authorized to transact business in the State of Florida, which owns and operates a restaurant branded Botánico Gin & Cookhouse, a place of public accommodation. Defendant's Restaurant is located at 3015 Grand Ave, Coconut Grove, FL 33133, and open to the general public. As such, it is a Place of Public Accommodation subject to the requirements of Title III of the ADA and its implementing regulation as defined by 42 U.S.C. §12181(7)(B), §12182, and 28 C.F.R. §36.104(2). Defendant's Botánico Gin & Cookhouse, restaurant is also referenced throughout as "place of public accommodation," "Botánico" or "Restaurant."

7. As the owner/operator of a restaurant which is open to the public, Defendant, Botanico, LLC., is defined as a "Public Accommodation" within meaning of Title III because it is a private entity which owns, or operates a restaurant; 42 U.S.C. §12182, §12181(7)(B) and 28 C.F.R. §36.104(2).

8. On August 12, 2022, Plaintiff personally visited the restaurant to purchase a meal and dine therein and to test for compliance with the ADA/ADAAG.

9. Due to the fact that he perambulates with the assistance of a wheelchair, Plaintiff met barriers to access while testing/dining within the restaurant.

10. Based on the access impediments Plaintiff encountered, Plaintiff has been denied full and equal access by the operator of "Botanico" restaurant.

11. As the owner and operator of "Botanico" restaurant, and "Public Accommodation". Defendant, Botanico, LLC., is aware of the ADA and the need to provide for equal access in all areas of its restaurant. Therefore, its failure to reasonably accommodate mobility impaired and disabled patrons by ensuring that its restaurant is fully accessible is/was willful, malicious, and oppressive and in complete disregard for the Civil Rights of the Plaintiff and in violation of 28 C.F.R. §36.302.

12. As a result of Defendant's discriminations, Plaintiff has suffered loss of dignity, mental anguish and other tangible injuries and has suffered an injury-in-fact.

13. Plaintiff continues to desire to patronize and/or test the "Botanico" restaurant but continues to be injured in that he continues to be discriminated against due to the barriers to access within that restaurant which are in violation of the ADA.

14. Any and all requisite notice has been provided.

15. Plaintiff has been obligated to retain the civil rights law office of J. Courtney Cunningham, PLLC and has agreed to pay a reasonable fee for services in the prosecution of this cause, including costs and expenses incurred. Plaintiff is entitled to recover those attorney's fees, costs and expenses from Defendant pursuant to 42 U.S.C. §12205.

## COUNT I – VIOLATIONS OF TITLE III OF THE ADA

16. The ADA was enacted and effective as of July 26, 1990, and ADA legislation has been protecting disabled persons from discrimination due to disabilities since that time.

Over 30 years have passed since enactment of the ADA, public accommodations and places of public accommodation have had adequate time for compliance.

17. Congress explicitly stated that the purpose of the ADA was to:

   (i)   provide a clear and comprehensive national mandate for the elimination of discrimination against individuals with disabilities;

   (ii)  provide clear, strong, consistent, enforceable standards addressing discrimination against individuals with disabilities; and,

   (iii) invoke the sweep of congressional authority, including the power to enforce the fourteenth amendment and to regulate commerce, in order to address the major areas of discrimination faced on a daily by people with disabilities.

   42 U.S.C. §12101(b)(1)(2) and (4).

18. Prior to the filing of this lawsuit, Plaintiff personally visited the "Botanico" restaurant with the intention of patronizing that restaurant to enjoy a meal and/or test the public accommodation for compliance with the ADA/ADAAG; however, Plaintiff was denied adequate accommodation because, as a disabled individual who utilizes a wheelchair for mobility, Plaintiff met barriers to access. Therefore, Plaintiff has suffered an injury in fact.

19. Defendant, Botanico, LLC., has discriminated (and continue to discriminate) against Plaintiff by denying full and equal access to, and full and equal enjoyment of, goods, services, facilities, privileges, advantages and accommodations at the "Botanico" restaurant in derogation of 42 U.S.C. §12101 *et seq.* and as prohibited by 42 U.S.C. §12182 *et seq.* by failing to remove barriers to access pursuant to 42 U.S.C. §12182(b)(2)(a)(iv), where such removal is readily achievable.

20. Plaintiff has been unable to, and continues to be unable to, enjoy full and equal safe access to, and the benefits of, all the accommodations and services offered at the "Botanico" restaurant.

21. Defendant is governed by the ADA and must comply therewith. However, Defendant has discriminated against disabled patrons in derogation of 28 C.F.R. Part 36.

22. Pursuant to the mandates of 42 U.S.C. §12134(a), on July 26, 1991 (as amended), the Department of Justice, Office of the Attorney General, promulgated Federal Regulations to implement the requirements of the ADA, known as the Americans with Disabilities Act Accessibility Guidelines (hereinafter "ADAAG"), 28 C.F.R. Part 36, under which said Department may obtain civil penalties of up to $75,000 for the first violation and $150,000 for any subsequent violation.

23. Defendant, Botanico, LLC., is in violation of 42 U.S.C. §12181 *et seq.,* the ADA and 28 C.F.R. §36.302 *et seq.,* and discriminating against the Plaintiff as a result of *inter alia*, the following specific violations:

i. The plaintiff had difficulty opening the door without assistance, as it does not have the required door pressure. Violation: Door has a non-compliant opening force. Section 4.13.11 of the ADAAG and 404.2.9 of the 2010 ADA Standards, whose resolution is readily achievable.

ii. The plaintiff had difficulty opening the door without assistance, as it does not have the required maneuvering clearance on the pull side of the door. Violation: Door does not provide the required maneuvering clearance on the pull side of the door, for doors with closer and latch. Section 4.13.6 of the ADAAG and 404.2.4 of the 2010 ADA Standards, whose resolution is readily achievable.

iii. The plaintiff could not use the lavatory outside the stall without assistance, as it is mounted too high. Violation: Lavatory is mounted over the required height to the top of the rim above the finished floor violation of the requirements in Section 4.19.2 of the ADAAG and Section 606.3 of the 2010 ADA Standards, whose resolution is readily achievable.

iv. The plaintiff had difficulty to use the mirror outside the stall, as it is mounted too high. Violation: The mirror provided in the restroom is in violation of the requirements in Section 4.19.6 of the ADAAG and Section 603.3 of the 2010 ADA Standards, whose resolution is readily achievable.

v. The plaintiff was exposed to a cutting/burning hazard because the lavatory (outside the stall) pipes are not wrapped. Violation: The lavatory bottom supply and/or drain pipes are not fully wrapped or maintained due to the lack of maintenance violating Section 4.19.4 of the ADAAG and Section 606.5 of the 2010 ADA Standards, whose resolution is readily achievable.

vi. The plaintiff had difficulty closing the stall door as the toilet compartment (stall) door does not provide self-closing hinges. Sections 4.17.5 of the ADAAG and Sections 604.8.1.2 of the 2010 ADA Standards, whose resolution is readily achievable.

vii. The plaintiff could not transfer to the toilet without assistance, as the required clear floor space was not provided due to encroaching item (Trash can). Violation: The trash bin is encroaching over the accessible water closet clear floor space. Section 4.16.2 of the ADAAG and Sections 604.3.1 of the 2010 ADA Standards, whose resolution is readily achievable.

viii. The plaintiff was exposed to a cutting/burning hazard because the lavatory pipes are not wrapped. Violation: The lavatory bottom supply and/or drainpipes are not fully wrapped or maintained due to the lack of maintenance violating Section 4.19.4 of the ADAAG and Section 606.5 of the 2010 ADA Standards, whose resolution is readily achievable.

ix. The plaintiff could not use the lavatory inside the stall without assistance, as does not provide knee clearance. Violation: Lavatory does not provide the required knee clearance above the finished floor to bottom leading edge of fixture at 8" horizontal projection. Section 4.19.2 of the ADAAG and Section 606.2 of the 2010 ADA Standards, whose resolution is readily achievable.

x. The interior seating provided at the facility does not comply with the standards prescribed in Section 4.32 of the ADAAG and Sections 226 & 902 of the 2010 ADA Standards, whose resolution is readily achievable.

xi. The facility does not provide the required amount of seating. Failing to provide sufficient amount of seating when dining surfaces are provided for the consumption of food or drinks for person(s) with a disability in violation of section 5.1 of the ADAAG and Sections 226 of the 2010 ADA Standards.

**WHEREFORE,** Plaintiff, Jesus Gonzalez hereby demands judgment against Defendant, Botanico, LLC., d/b/a d/b/a Botánico Gin & Cookhouse, and requests the following injunctive and declaratory relief: The Court declare that Defendants have violated the ADA;

a) The Court enter an Order directing Defendant to evaluate and neutralize their policies, practices and procedures toward persons with disabilities,

b) The Court enter an Order requiring Defendant to alter the Botánico Gin & Cookhouse restaurant located therein such that it becomes accessible to and usable by individuals with disabilities to the full extent required by the Title III of the ADA;

d) The Court award reasonable costs and attorneys fees; and

e) The Court award any and all other relief that may be necessary and appropriate.

Respectfully submitted on this March 14, 2023.

By: /s/ J. Courtney Cunningham
J. Courtney Cunningham, Esq.
FBN: 628166
J. COURTNEY CUNNINGHAM, PLLC
8950 SW 74th Court, Suite 2201
Miami, Florida 33156
Telephone:  305-351-2014
cc@cunninghampllc.com
legal@cunninghampllc.com

*Counsel for Plaintiff*